Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COBBLER NEVADA, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **MATTHEW OSIER,** <br><br> Defendant. | Case No.: 3:15-cv-00828-ST <br><br> FIRST AMENDED COMPLAINT <br><br> COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Cobbler Nevada, LLC ("Cobbler Nevada"), complains and alleges as follows:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

## PARTIES

### PLAINTIFF

4. Plaintiff Cobbler Nevada is a Limited Liability Company with principal offices in Los Angeles, California.

### The Rights of Cobbler Nevada

5. *The Cobbler* is a major motion picture that was released in theaters in March 2015.

6. *The Cobbler* has been registered with the United States Copyright Office by the owner, Cobbler Nevada, Registration No. PAu 3-744-688, 2014.

7. Under The Copyright Act, Cobbler Nevada is the proprietor of all copyrights and interests needed to bring suit.

8. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

9. The motion picture is currently offered for sale in commerce.

10. Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

11. Cobbler Nevada comes to court seeking relief as the motion picture *The Cobbler* is the subject of significant piracy and has been illegally downloaded and distributed countless times worldwide with over 10,000 confirmed instances of infringing activity traced to Oregon.

### THE DEFENDANT

12. The defendant, originally identified by the Internet Protocol ("IP") address 24.21.130.11 as Doe- 24.21.130.11, has now been confirmed to be Matthew Osier of Portland, Oregon.

13.     The defendant confirmed under oath that he is and has been an active participant in the BitTorrent exchange of copyrighted content and has downloaded a significant amount of content through the BitTorrent network.

14.     Prior to the filing of this action, Rightscorp, Inc. sent the defendant's IP address notices regarding infringing activity observed associated with the defendant's IP address in an attempt to have the defendant voluntarily terminate his infringing activity.

15.     Subsequent to receiving notice of this suit, the defendant continued and still continues to download and distribute copyrighted content through BitTorrent.

16.     The defendant confirmed that he primarily uses BitTorrent to download television shows and motion pictures, such as plaintiff's.

17.     Defendant downloads content through BitTorrent using his personal laptop and the Internet service associated with IP address 24.21.130.11 and assigned to the defendant's residence.

18.     At all times the defendant's Internet service has been password protected.

19.     Other than the defendant, there is only one other occupant of the residence who has consistent and permissive access to the Internet service.

20.     The defendant confirmed that the other occupant of the residence does not download content through BitTorrent.

21.     There have been no other residents or long terms guests who had access to the subscriber's Internet during the times of confirmed infringement.

22.     Defendant confirmed under oath that he currently has copyrighted content acquired through BitTorrent on his personal laptop and continues to actively traffic in copyrighted content to the present day.

FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT

23. Defendant, without the permission or consent of Cobbler Nevada, copied and distributed plaintiff's motion picture through a public BitTorrent network.

24. Defendant's actions infringed Cobbler Nevada's exclusive rights under The Copyright Act.

25. Defendant's conduct has been willful, intentional, in disregard of and indifferent to Cobbler Nevada's rights.

26. Defendant's conduct was with the knowing intent that his infringing actions caused plaintiff harm and deprived plaintiff of royalties.

27. In the course of these proceedings the defendant imposed unnecessary delays impairing plaintiff's investigation.

28. In the course of these proceedings the defendant willfully destroyed evidence, including his laptop, while knowing such evidence was relevant and sought by plaintiff.

29. The evidence destroyed by the defendant was material and would have indicated the full scope of liability and injury the defendant caused plaintiff.

30. The delays sought by the defendant in this action were for the express purpose of facilitating the defendant's destruction of evidence.

31. Defendant's destruction of evidence was for the express purpose of disrupting plaintiff's case and in an attempt to by the defendant to avoid liability in this matter.

32. As a direct and proximate result of defendant's conduct, Cobbler Nevada's exclusive rights under 17 U.S.C. § 106 have been violated.

33. Cobbler Nevada is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

34. The conduct of the defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

35. Pursuant to 17 U.S.C. §§ 502 and 503, Cobbler Nevada is entitled to injunctive relief prohibiting the defendant from further contributing to the infringement of Cobbler Nevada's copyrights and ordering that defendant destroy all copies of the motion picture made in violation of Cobbler Nevada's rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

    A. For entry of permanent injunction enjoining defendant from directly, indirectly or contributory infringing plaintiff's rights, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

    B. Statutory damages pursuant to 17 U.S.C. § 504.

    C. For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

    D. For such other and further relief as the Court deems proper.

////

////

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: October 14, 2015.

                                            Respectfully submitted,

                                            CROWELL LAW

                                            /s/ Drew P. Taylor
                                            Carl D. Crowell, OSB No. 982049
                                            carl@crowell-law.com
                                            Drew P. Taylor, OSB No. 135974
                                            drew@crowell-law.com
                                            503-581-1240
                                            Of attorneys for the plaintiff