IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COBBLER NEVADA, LLC,                                         Case No. 3:15-cv-00828-SB

           Plaintiff,                                    **FINDINGS AND**
                                                      **RECOMMENDATION**

      v.

MATTHEW OSIER,

           Defendant.

_____

**BECKERMAN, Magistrate Judge.**

       Plaintiff Cobbler Nevada, LLC filed this action against Matthew Osier ("Osier"), alleging

a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiff now

moves, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for entry of default judgment

against Osier. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

For the reasons that follow, the district judge should grant Plaintiff's motion for default judgment.

Page 1- FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff is a limited liability company with principal offices in Los Angeles, California. Plaintiff is the registered copyright holder of the motion picture *The Cobbler* (the "Movie"), released in March 2015. (First Am. Compl. ¶¶ 5-7.)

Plaintiff initiated this action on May 14, 2015, against a Doe defendant known only through an Internet Protocol ("IP") address. (Compl. ¶ 12.) In its initial Complaint, Plaintiff alleged that an individual used the IP address to copy and publish the Movie, via the BitTorrent network.[1] (Compl. ¶¶ 12, 15.) During initial discovery, the Internet Service Provider (Comcast) identified Osier, of Portland, Oregon, as the subscriber associated with the IP address. (Drew P. Taylor Decl. ¶ 3, May 19, 2016.)

On October 14, 2015, Osier appeared for a deposition at the office of Plaintiff's counsel. Osier readily acknowledged using BitTorrent to download television shows and movies. (Matthew Osier Dep. 6:20-7:5, Oct. 14, 2015.) However, Osier denied ever downloading or watching *The Cobbler*. (Osier Dep. 7:11-13.) Immediately following Osier's deposition, Plaintiff filed a First Amended Complaint ("FAC"), naming Osier as the infringer in this action. Plaintiff alleged in the FAC that Osier, "without the permission or consent of Cobbler Nevada, copied and distributed [P]laintiff's motion picture through a public BitTorrent network." (First Am. Compl. ¶ 23.)

On October 27, 2015, Plaintiff effected service of the FAC on Osier. (ECF No. 19.) Osier did not file an answer within twenty-one days and, after providing Osier a notice of default dated

---

[1]  BitTorrent is a peer-to-peer file sharing protocol used to distribute data over the Internet.

Page 2- FINDINGS AND RECOMMENDATION

December 2, 2016, Plaintiff moved for entry of default, which the clerk entered on May 2, 2016.[2] (ECF Nos. 20, 34.)

Plaintiff now seeks a default judgment permanently enjoining Osier from engaging in infringing activity and awarding statutory damages in an amount to be determined by the Court.[3]

## LEGAL STANDARDS

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.[4] Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). However, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] The Court appointed pro bono counsel to represent Osier at no cost to Osier, but pro bono counsel was "unable to reach" Osier. (ECF Nos. 26, 37, 39.)

[3] Specifically, Plaintiff requests statutory damages "in the amount of at least $10,000 . . . or in the alternative [P]laintiff requests a trial by jury of the determination of statutory damages." (Pl.'s Mot. Default J. 2.) For the reasons set forth in *Countryman Nevada, LLC v. Suarez*, the Court denies Plaintiff's contingent request for a jury trial on damages if Plaintiff objects to the amount of damages the Court deems appropriate. 6:15-cv-0436-SI, 2016 WL 5329597, at *4-5 (D. Or. Sept. 22, 2016).

[4] Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13-cv-05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the operative complaint, (4) the sum of money at stake in the litigation, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472 (citation omitted).

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in Plaintiff's FAC, which must be taken as true upon default, establish these elements in the present case. (First Am Compl. ¶¶ 15-17, 22.) Accordingly, the Court concludes that a judgment of default is appropriate under the circumstances presented here. *See Voltage Pictures, LLC v. Martinez*, No. 3:15-cv-00002-AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that default judgment was appropriate where the factual allegations in the

amended complaint, taken as true upon default, established that the two elements of a copyright claim were met).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the district court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id*. at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 885-86 (3d Cir. 2015) (explaining that courts "have wide discretion in determining statutory damages," and so long as the "statutory damages award falls within the statute's prescribed limits," any subsequent review "is even more deferential than abuse of discretion"). Here, taking the allegations in the FAC as true, as it must, the Court finds that Osier willfully infringed Plaintiff's copyright. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and [defendant] concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [Plaintiff's] trademarks.")

Turning to the question of damages, Plaintiff concedes that the economic damages suffered as a result of Osier's infringing activity are highly speculative and incalculable. (Mot. Default J. 6.) Plaintiff is also aware that judges in this district regularly award the statutory minimum $750 damage award in similar cases. *See Martinez*, 2015 WL 4772856, at *2 (so stating in a copyright case brought by Plaintiff's current counsel); *see also Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL 3766465, at *3 (D. Or. May 12, 2016) (awarding the statutory minimum of $750 on entry of default judgment in copyright case); *Glacier Films (USA), Inc. v. Tenorio*, No. 3:15-cv-01729-SB, 2016 WL 3148401, at *3 (D. Or. June 22, 2016); *Suarez*, 2016 WL 5329597, at *3 (relying on the reasoning in *Tenorio*, the court "declines to award greater than the minimum statutory damages"). Nevertheless, Plaintiff maintains that the statutory damage awarded in this case should be "at least $10,000" to effect the intent of Congress, deter individuals from engaging in similar conduct, and to punish Osier for his disregard of these proceedings. (Pls.' Mot. Default J. 7-8.)

The arguments advanced by Plaintiff in support of a $10,000 statutory damage award are not persuasive. First, this Court has already rejected Plaintiff's argument that a several thousand dollar damage award is necessary for deterrence:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally . . . . The Court declines Plaintiff's invitation to punish Defendant with a statutory damages award higher than $750 because he chose not to defend against this copyright infringement action.

*Gallatin*, 2016 WL 3148401, at *3.

Page 6- FINDINGS AND RECOMMENDATION

Second, the Court is not persuaded that, under circumstances in this case, a significant damage award is necessary "to give the statute full force and effect." The purpose of the remedy provisions of the Copyright Act is "to provide adequate compensation to the copyright holder and to discourage wrongful conduct and deter infringements." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). Plaintiff argues that "[t]he potential damages, though highly speculative, are literally incalculable as defendant *may have* distributed thousands of copies of plaintiff's motion picture even after notice of this action." (Pl.'s Mot. Default J. 6) (emphasis added). However, Plaintiff's own capture data demonstrates that Osier "distributed" a portion of *The Cobbler* only nine times, over a three-day period in March 2015.[5] (Pl.'s Supp. Brief 6.) *The Cobbler* is available for rental at Redbox for $1.50 per day.[6] *See* www.redbox.com (last visited on Oct. 3, 2016). Thus, Plaintiff can establish only that it suffered roughly $13.50 in damages from Osier's copyright infringement, and yet the Court must order Osier to pay $750 in damages, more than 55 times the actual damages Plaintiff could prove if the statute so required. A $750 damage award to compensate for a loss of approximately $13.50 attributable to Osier's conduct, is more than "adequate compensation" for Plaintiff's loss. *Frank Music Corp.*, 772 F.2d at 520.

---

[5] Once a user has downloaded a movie using the BitTorrent protocol, portions of the movie are automatically shared with others in the swarm until the user manually disconnects from the swarm. *See Diabolic Video Prod., Inc. v. Does 1-2099*, No. 10–CV–5865–PSG, 2011 WL 3100404, at *2 (N.D. Cal. May 31, 2011). Thus, each distribution of a movie using the BitTorrent protocol is not a separate, intentional act, but a function of downloading a movie and not disconnecting from the swarm.

[6] Alternatively, *The Cobbler* is available to watch for free with a Netflix subscription. *See* www.netflix.com (last visited Oct. 3, 2016).

Page 7- FINDINGS AND RECOMMENDATION

Finally, with respect to Plaintiff's request for a high damage award based on Osier's disregard of these proceedings, the record reflects that Osier appeared for his Rule 45 deposition. At his deposition, Osier readily acknowledged that he uses the BitTorrent network to download and watch shows and movies, but he stated unequivocally that he never downloaded or watched *The Cobbler*. The fact that Osier initially cooperated to deny liability, yet subsequently opted not to defend this action, does not warrant an "enhanced statutory damages" award. *Gallatin*, 2016 WL 3766465, at *3 (finding that "some individuals may choose to default merely due to the cost of federal court litigation").

In sum, Plaintiff has failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages. Accordingly, the Court recommends that the district judge award statutory damages in the amount of $750, and enter a permanent injunction consistent with the injunctions entered in related BitTorrent copyright cases.[7] *See Martinez*, 2015 WL 4772856, at *4 (reaching a similar result); *Gallatin Films*, 2016 WL 3148401, at *3 (same).

## CONCLUSION

For the foregoing reasons, the district judge should grant Plaintiff's Motion for Default Judgment (ECF No. 41).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

---

[7] Pursuant to Rules 55(c) and 60(b), a party may file a motion for relief from a default judgment, but must do so within a year after judgment enters. Fed. R. Civ. P. 55(c), 60(b)-(c).

the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 3rd day of October, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge